# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL S. EVERETT (#237136)**                                        **CIVIL ACTION**

**VERSUS**

                                                                                    **22-513-SDD-RLB**

**SHAMIKA WHITE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 9, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MICHAEL S. EVERETT (#237136)                          CIVIL ACTION

VERSUS
                                                              22-513-SDD-RLB
SHAMIKA WHITE, ET AL.


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* Plaintiff, an inmate confined at the Elyan Hunt Correctional Center, St.

Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against health care

provider Shamika White and Secretary James LeBlanc, complaining that his constitutional rights

are being violated due to deliberate indifference to his serious medical needs. Plaintiff requests

monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an

action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim

against a governmental entity or an officer or employee of a governmental entity if satisfied that

the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be

granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis

either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is

factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations

that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in

law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the

violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff alleges the following: Beginning in April or March of 2020, the plaintiff was experiencing back pain, inflammation, and severe muscles spasms. Despite multiple sick call requests, the plaintiff was not scheduled for a follow-up with defendant Shamika White. His legs began to go numb and tingle, and the plaintiff began to experience loss of balance and other issues with his mobility.

When the plaintiff was finally seen by defendant White, he requested an assistive device because for 7 to 9 months he had been walking slightly stooped forward to alleviate his pain. Defendant White told the plaintiff she would refer him to a neurosurgeon – Dr. Barksmeyer. His request for an assistive device was denied by Dr. Barksmeyer. Dr. Barksmeyer is not a defendant in this matter.

The plaintiff was interviewed by investigator Major Linsley regarding alleged mistreatment by security and medical staff. Two days later he was called out for a blood draw. Several days after the blood draw the plaintiff noticed a white pill in his medications. He was informed that it was Metformin which is a medication for the treatment of diabetes. The plaintiff

refused to take the medication because no one had informed him that he was diabetic. A year prior defendant White had refused to the plaintiff's request for orthopedic shoes because they were only given to diabetic inmates. However, she later acquiesced.

In June of 2021 the plaintiff was issued a rollator, a scooter with a seat and four wheels, which was authorized by Dr. Latony Monroe. On June 17, 2021, an MRI was completed which revealed nerve damage in the plaintiff's neck and back. After making two medical requests to discuss the MRI results with Dr. Monroe, the plaintiff was seen on July 9, 2021.

On September 29, 2021, Dr. Wilson, a neurosurgeon, confirmed that fluid was cause of the plaintiff's lower back pain and mobility issues. Dr. Wilson informed the plaintiff that a procedure to cut a bone from his spine would be needed to remove the fluid. On May 20, 2022, the plaintiff had a nerve conduction study by Dr. Nguyen which definitively showed that the plaintiff needed surgery. Since being diagnosed, the plaintiff has been given medication, but surgery has not been scheduled. Plaintiff is on medication. Dr. Wilson and Dr. Nguyen are not defendants in this matter.

First, § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's § 1983 claims asserted against defendants in their official capacities for monetary damages are subject to dismissal.

Next, for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Additionally, for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and

the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

With regards to defendant LeBlanc, the plaintiff has not alleged any personal involvement on the part of LeBlanc in the alleged deliberate indifference to his serious medical needs due to a delay in care. Nor has the plaintiff alleged that his constitutional rights were violated due to a subordinate's implementation of defendant LeBlanc's wrongful policies. As such, the plaintiff has failed to state a claim against defendant LeBlanc.

The plaintiff has likewise failed to state a claim against defendant White. The plaintiff alleges that he began experiencing symptoms in April or March of 2020 which was during the COVID-19 pandemic. Due to the pandemic, various forms of healthcare were delayed for both inmates and the public. The plaintiff has not alleged that defendant White was aware of the plaintiff's symptoms and intentionally chose to delay his examination, just that there was a delay in seeing her. Additionally, when the plaintiff was examined by defendant White, she referred

him to a specialist. That specialist, neurosurgeon Barksmeyer, also denied plaintiff's request for an assistive device. The plaintiff was also, at some point, issued orthopedic shoes per defendant White. The plaintiff does not allege that defendant White had any further involvement in his medical care which later did include provision of an assistive device, an MRI, a nerve conduction study, medication and a surgery recommendation. As such, the plaintiff has failed to allege any facts indicative of deliberate indifference on the part of defendant White.

Additionally, the plaintiff has not alleged facts indicative of deliberate indifference against any other person mentioned in his Complaint. Beginning in June of 2021, the plaintiff was issued a rollator, an MRI was conducted, a nerve conduction study was completed, and the plaintiff was given medication. In May of 2022, the need for surgery was allegedly confirmed. The plaintiff's Complaint was filed only a short time later in July of 2022. As such, it does not appear that the plaintiff could amend his Complaint to state a claim against LeBlanc, White, or any person mentioned in the Complaint.

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on November 9, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."